United States District Court
for the
Southern District of Florida

| Moshe Lehrfield and Jennifer Lehrfield, Plaintiffs | ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 18-23218-Civ-Scola |
| Liberty Mutual Fire Insurance Company, Defendants | ) ) | |

### Opinion Order Granting Defendant's Motion for Summary Judgment

Plaintiffs Moshe and Jennifer Lehrfield (the "Lehrfields") bring this suit to recover benefits allegedly owed under an insurance policy (the "Policy") issued by Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual").

Liberty Mutual now moves for summary judgment on the Lehrfields sole claim for breach of contract (the "Motion," ECF No. 33). Having carefully considered the parties' submissions, the record in this case and the applicable law, the Court **grants** the Motion (**ECF No. 33**) as set forth below.

### 1. Background

In opposition to the Motion, the Lehrfields failed to respond to the statement of material facts proffered by Liberty Mutual in support of its Motion. The Court therefore treats those facts as undisputed. Fed. R. Civ. P. 56(e)(2) (where a party fails to properly address another party's assertion of fact, the court may treat that fact as undisputed in resolving a motion for summary judgment); S.D. Fla. L.R. 56.1(b) ("All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."). The following is a summary of only those undisputed facts that are material to this opinion.

#### A. The Undisputed Material Facts

The Lehrfields own a home (the "Property") in Miami-Dade County, Florida. (ECF No. 33 at p. 20.) From January 27, 2017 through January 27, 2018, the Lehrfields insured the Property through the Policy, which was issued by Liberty Mutual. (*Id.*) The Policy imposed a duty on the Lehrfields to promptly notify Liberty Mutual of a suspected covered loss:

> **Your Duties After Loss**. In case of a loss to covered property, we have no duty to provide coverage under this Policy if failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
>
>     a)    Give prompt notice to us or your insurance agent.
>
>     b)
>
>         (1) to the degree reasonably possible, retain the damaged property; and
>
>         (2) allow us to inspect, subject to b.(1) above, all damaged property prior to its removal from the "residence premises"

(ECF No. 33 at p. 54.)

On or about April 5, 2017, the Lehrfields discovered a water leak under their kitchen sink. (ECF No. 35 at ¶ 3.) Watermen Plumbing repaired the leak that same day. (ECF No. 33 at p. 83.) Liberty Mutual was not afforded an opportunity to inspect the damage and source of the leak before these repairs occurred. (*Id.*)

Eight months passed and on December 8, 2017 the Lehrfields, through their public adjuster, contacted Liberty Mutual to file a claim under the Policy for water damage resulting from the leak (the "Claim"). (*Id.* at p. 82.) Six days later, Ryan Sanford ("Sanford"), Liberty Mutual's adjuster, inspected the property in connection with the Claim. (*Id* at p. 83.) His inspection revealed signs of heavy rot, decay, mold, warping, and a large hole under the Lehrfields' kitchen sink. (*Id.* at p. 87.) Liberty Mutual denied the Claim on December 14, 2017, concluding that the damage was long-term in nature and, thus, not covered under the Policy. (*Id* at p. 85.)

On July 11, 2018, the Lehrfields filed this lawsuit in Florida state court, asserting one count for breach of contract action against Liberty Mutual. (ECF No. 1-3.) Liberty Mutual removed the case to this Court on August 8, 2018, based on federal diversity jurisdiction.[1] (ECF No. 1.)

In the operative amended complaint, (ECF No. 10), the Lehrfields assert that Liberty Mutual breached the Policy by denying the claim and refusing to pay the full amount of damages sustained to the Property. In its answer, Liberty Mutual raised as its first affirmative defense that the Lehrfields "failed to provide prompt notice of the [C]laim," as required under the Policy. (ECF No. 13 at p. 3.)

---

1    Diversity jurisdiction exists in this case. The Lehrfields are Florida citizens and Liberty Mutual is a citizen of Wisconsin and Massachusetts. (ECF No. 10 at ¶¶ 2, 3.) Further, the Lehrfields seek recovery of more the $75,000, thus satisfying the amount in controversy requirement. (*Id.* at p. 19.)

Liberty Mutual moves for summary judgment on this affirmative defense. (ECF No. 33.) As that argument goes, the Lehrfields' failure to provide prompt notice of the Claim both breached the Policy and materially prejudiced Liberty Mutual's investigation of the claim, thus abrogating any obligation of it to pay under the Policy. Liberty Mutual also argues that it is entitled to summary judgment because the damages are not covered under the Policy.

2. **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. North Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). "Summary judgment is particularly suited to cases of insurance coverage because the interpretation of a written contract is a matter of law to be decided by the court." *Int'l Ship Repair & Marine Servs., Inc. v. N. Assur. Co. of Am.*, 2011 WL 5877505, at *4 (M.D. Fla. Nov. 23, 2011).

At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmoving party, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970), and it may not weigh conflicting evidence to resolve disputed factual issues, *see Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). Yet, where the record could not lead a rational trier of fact to find in the nonmovant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Generally, "[o]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010) (citation omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [ ] must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). Mere "metaphysical doubt as to the material facts" will not suffice. *Matsushita*, 475 U.S. at 586. "Likewise, a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions." *Maddox-Jones v. Bd. of Regents of Univ. of Ga.*, 448 F. App'x 17, 19 (11th Cir. 2011).

3. **Discussion**

Liberty Mutual moves for summary judgment, arguing that the Lehrfields did not provide prompt notice of the Claim as a matter of law, such that prejudice to Liberty Mutual is presumed. Liberty Mutual further contends that the

Lehrfields failed to rebut this presumptive prejudice, thus entitling Liberty Mutual to summary judgment. The Court agrees on both points.

Under Florida law, "the failure of an insured to give a timely notice of loss in contravention of a policy provision is a legal basis for the denial of recovery under the policy.'" *Ideal Mut. Ins. Co. v. Waldrep*, 400 So.2d 782, 785 (Fla. 3d DCA 1981). The "purpose of policy provisions requiring prompt notice 'is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it.'" *PDQ Coolidge Formad, LLC v. Landmark Am. Ins. Co.*, 566 F. App'x 845, 847 (11th Cir. 2014) (quoting *Laster v. United States Fidelity & Guaranty Co.*, 293 So. 2d 83, 86 (Fla. 3d DCA 1974)).

The "question of whether an insured's untimely reporting of loss is sufficient to result in the denial of recovery under the policy implicates a two-step analysis." *Yacht Club on the Intracoastal Condo. Assoc., Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 879 (11th Cir. 2015) (quoting *Ideal Mut.*, 400 So. 2d at 785).

> The first step is to determine whether the insured provided timely notice. Next, if notice was untimely, prejudice to the insurer is presumed, but that presumption may be rebutted.

*Id.* (citing *Bankers Ins. Co. v. Macias,* 475 So. 2d 1216, 1218 (Fla. 1985)).

The Court will address each step in turn.

### A.   Notice

Liberty Mutual argues that it is entitled to summary judgment because the Lehrfields failed to provide prompt notice of the loss, as required under the Policy. In response, the Lehrfields argue that a issue of fact exists as to whether the notice was untimely, which should be resolved by a jury.

There "is no 'bright-line' rule under Florida law setting forth a particular period of time beyond which notice cannot be considered 'prompt.'" *PDQ*, 599 F. App'x at 879. Instead, Florida courts generally interpret the terms "'prompt,' 'as soon as practicable,' immediate,' or comparable phrases" in an insurance policy to "mean that notice should be given 'with reasonable dispatch and within a reasonable time in view of all of the facts and circumstances of the particular case.'" *Id.* In other words, "[n]otice is necessary when there has been an occurrence that should lead a reasonable and prudent man to believe that a claim for damages would arise." *Id.* (quoting *Ideal Mut.*, 400 So. 2d at 785).

The Lehrfields did not provide "prompt notice" of the loss. Eight months passed from the time the Lehrfields learned of the water leak to when they submitted the Claim to Liberty Mutual. Although that fact alone does not render the notice untimely, it is notable that numerous Florida cases have found shorter

delays untimely as a matter of law. *See, e.g., PDQ*, 566 F. App'x at 849 (finding six-month delay untimely as a matter of law); *Ideal Mut.*, 400 So. 2d at 785 (six weeks); *Deese v. Hartford Accident & Indem. Co.*, 205 So. 2d 328, 329 (Fla. 1st DCA 1967) (four weeks); *Ro–Ro Enter., Inc. v. State Farm Fire & Cas. Co.*, No. 93–1754–CIV, 1994 WL 16782171, at *4 (S.D. Fla. June 22, 1994) (four months).

No evidence is proffered to explain this delay. In opposition to the Motion, the Lehrfields described, through attorney argument, that April 2017 was a busy time for their household and that they believed that the leak did not meet the Policy's deductible. (ECF No. 34 at pp. 7-8.) First of all, attorney argument is not evidence. *Bryant v. U.S. Steel Corp.*, 428 F. App'x 895, 897 (11th Cir. 2011) ("True, her attorney argues that her recollection had been refreshed, but counsel's argument is not evidence," and affirming summary judgment for defendant); *Latele Tele., C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539-CIV, 2014 WL 7272974, *7 (S.D. Fla. Dec. 18, 2014) (Goodman, Mag. J.) ("Rhetoric and attorney argument are no substitute for record evidence."). But even if it were, the Lehrfields initial belief that the loss did not meet the deductible would not relieve it from providing prompt notice of the loss under the Policy. *Yacht Club*, 599 F. App'x at 880 ("Whatever concerns the Board had about the extent of damage and its deductible are not relevant under Florida law. Prompt notice is not excused because an insured might not be aware of the full extent of damage or that damage would exceed the deductible."); *Kendall Lakes Towers Condo. Assoc., Inc. v. Pacific Ins. Co., Ltd.*, No. 10-24310-CIV, 2012 WL 266438, at *2 (S.D. Fla. Jan. 30, 2012) (Goodman, Mag. J.) ("[A]n insured's good faith belief that the damage is trivial or not covered by the policy is insufficient to justify non-compliance with the policy's notice provision."); *1500 Coral Towers Condo. Assoc., Inc. v. Citizens Prop. Ins. Corp.*, 112 So. 3d 541, 544 (Fla. 3d DCA 2013) (same). Indeed, by its terms, the Policy requires prompt notice of a "loss to covered property," without regard to whether such a loss is ultimately compensable. (ECF No. 33 at p. 54); *Kendall Lakes*, 2012 WL 266438 at *4 ("the insured must give notice of a loss that implicates a *potential* claim without waiting for the full extent of the damage to become apparent") (emphasis original).

The Lehrfields' reliance on *Vision I Homeowners Association v. Aspen Specialty Insurance Company,* is misplaced. 674 F. Supp. 2d 1333 (S.D. Fla. 2009) (Dimitrouleas, J.). There, the insurer argued that a purported two-year delay in providing notice of a loss was untimely as a matter of law. *Id.* at 1339. Judge Dimitrouleas declined to grant summary judgment on that ground, finding that the evidence proffered by the parties presented a dispute of material fact as to whether there was a delay in providing notice at all. *Id.* at 1336, 1339. This case is distinguishable from *Vision I* because, here, the undisputed facts

establish that the Lehrfields knew about the loss in April 2017 but failed to notify Liberty Mutual of same until December 2017, eight months later.

Under the facts and circumstances of this case—the Court's understanding of which is in no way enhanced by the Lehrfields' evidentiary proffer—the eight-month delay in notifying Liberty Mutual of the loss was unreasonable. As such, the Court concludes that the Lehrfields did not provide "prompt notice" of the loss as a matter of law.

A presumption of prejudice to Liberty Mutual therefore arises, which the Lehrfields must rebut under the second step.

### B. Prejudice

Because prejudice to Liberty Mutual is presumed, the burden shifts to the Lehrfields "to show lack of prejudice where the insurer has been deprived of the opportunity to investigate the facts." *Yacht Club*, 599 F. App'x 881. The Lehrfields contend a dispute of fact exists regarding whether the delay prejudiced Liberty Mutual's ability to independently validate and determine the cause of the damage. The Court finds that the evidence proffered by the Lehrfields to support its argument falls far short of that necessary to rebut the presumption of prejudice to Liberty Mutual.

Under Florida Law, "prejudice is properly resolved on summary judgment where an insured fails to present evidence sufficient to rebut the presumption." *PDQ*, 566 F. App'x at 849. To carry this burden, an insured may submit evidence creating a dispute of fact as to: "(a) whether better conclusions could have been drawn without the delay" in providing notice, "(b) whether those conclusions could have been drawn more easily," "(c) whether the repairs to the affected areas that took place in the interim would complicate an evaluation of the extent of the damage or [the insured's] efforts to mitigate its damages," or (d) whether "an investigation conducted immediately following the occurrence would not have disclosed anything materially different from that disclosed by the delayed investigation." *Id.* at 849-50; *Yacht Club*, 599 F. App'x at 881-82.

The Lehrfields do not proffer admissible evidence to rebut the presumption of prejudice to Liberty Mutual. In opposition to summary judgment, the Lehrfields submit a single piece of evidence—a two-page affidavit of Adam Koots, a public adjuster ("Koots"). (ECF No. 35-1.) Koots states that "had an inspection taken place closer to the occurrence of the loss, nothing materially different would have been revealed than what was seen by [Liberty Mutual's] field adjuster." (*Id.* at ¶ 5.) The problem with this conclusion is that it's not based in fact; indeed, the Lehrfields did not seek Koots' assistance with the Claim until December 2017—eight months after the loss occurred. (ECF No. 35-1 at ¶ 3.) Without knowledge of the nature of the Property in April 2017, Koots cannot

factually opine as to what Liberty Mutual would have discovered had it investigated the Property at that time. Because Koots' declaration is conclusory and not based on personal knowledge, it is not admissible at summary judgment as evidence of the condition of the Property in April 2017. Fed. R. Civ. P. 56(c) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *Hilburn v. Murata Elecs. N. Am., Inc.,* 181 F.3d 1220, 1228 (11th Cir. 1999) (conclusory allegations without specific supporting facts have no probative value).

Moreover, even if admissible, Koots' unsupported opinion that Liberty Mutual was not prejudiced by the delay would not rebut the presumption of prejudice as a matter of law. *PDQ,* 566 F. App'x at 850 ("But even if [the insured] had an affidavit saying that 'the late notice did not prejudice [insurer]' that would not be enough to overcome the presumption of prejudice"); *1500 Coral Towers,* 112 So. 3d at 545 (affirming summary judgment for insurer where "[t]he closest [the insured] comes is a conclusory statement by one of its engineers that, in his opinion, the late notice did not prejudice [the insurer]"). That Liberty Mutual ultimately denied the Claim under a Policy exclusion does not change this. (ECF No. 35-1 at ¶ 5.) If anything, depriving Liberty Mutual of timely inspection of the Property prejudiced its ability to defend the Claim denial in this case.

Because the Lehrfields fail to rebut the presumption of prejudice, Liberty Mutual is entitled to summary judgment.

### C. Conclusion

In sum, the Court **grants** the Motion (**ECF No. 33**). Liberty Mutual is entitled to summary judgment in this case. The **Clerk** is instructed to **close** this case. All pending motions, if any, are denied as moot.

**Done and ordered** at Miami, Florida, on July 9, 2019.

Robert N. Scola, Jr.
United States District Judge